UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| MARIE DUMORNE ARMAND, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 12-10457-LTS |
| HOMECOMINGS FINANCIAL NETWORK, et al., | ) ) ) ) | |
| Defendants. | ) ) | |

MEMORANDUM AND ORDER ON MOTION TO DISMISS

June 15, 2012

SOROKIN, C.M.J.

Pending before the Court is Defendants' Motion to Dismiss (Docket #5). For the reasons that follow, the Motion is ALLOWED.

I.   FACTUAL BACKGROUND

The following facts are drawn from the Complaint and accepted as true for purposes of resolution of the Motion to Dismiss.

On or about January 10, 2005, Plaintiff Marie Dumorne Armand acquired the property located at 51 Oak Street in Brockton, Massachusetts. Docket #1-2 at ¶ 13. On June 20, 2006, Plaintiff executed a Note in favor of Homecomings as lender secured by a Mortgage which identified Homecomings as the lender. Id. at ¶ 14. The Mortgage named MERS as the mortgagee, acting solely as the nominee for the lender and lender's successors and assigns. Id. at ¶ 15. At no

1

time has MERS held the Note executed by Plaintiff. Id. at ¶ 17. The Mortgage provides that "Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument." Id. at ¶ 18.

The Mortgage also provides that "MERS (as nominee for Lender and Lender's successors and assigns) has the right to exercise any or all of those interests, including but not limited to, the right to foreclose and sell the property; and to take any action required by Lender." Id. at ¶ 19.

On September 10, 2009, an assignment document was executed assigning the Mortgage held by MERS to GMAC. Id. at ¶ 21. The document bears the signed name Andrew S. Harmon as Assistant Secretary and Vice President of MERS. Id. The Complaint further alleges that "Mr. Harmon had no authority to assign. Mr. Harmon is not an employee or officer of MERS. Mr. Harmon is actually an employee of Harmon Law." Id. at ¶¶ 21-22. No power of attorney from MERS to either Mr. Harmon or to Harmon Law is recorded or referenced in the subject assignment. Id. at ¶ 29. This assignment was notarized in Middlesex County, Massachusetts. Id. at ¶ 24. The assignment document does not assign the Note. Id. at ¶ 27.

The Complaint further alleges that the Mortgage provides that the "Lender" may invoke a statutory sale of the property and that the Lender, Homecomings, never so invoked this statutory remedy. Id. at ¶¶ 41-43.

On May 27, 2010, GMAC executed an "Assignment of Bid" to FNMA. Id. at ¶ 51. The Assignment of Bid was signed by Francis J. Nolan as attorney in fact for GMAC. Id. Mr. Nolan is also an attorney at Harmon Law Offices. Id.

A recorded power of attorney dated May 27, 2010, signed by Mr. Nolan grants Kathryn Black authority to make entry on the premises of 51 Oak Street. Id. at ¶ 53. A certificate of entry,

2

recorded on August 18, 2010, and signed by Ms. Black, states entry to the premises was done on May 17, 2010. Id. at ¶ 54.

On August 18, 2010, Harmon Law Office recorded a Foreclosure Deed dated May 27, 2010, stating GMAC was the current holder, by assignment, of Plaintiff's Mortgage and granted the property to FNMA. Id. at ¶ 55. The Foreclosure was signed by Mr. Nolan as attorney in fact for GMAC. Id. at ¶ 56.

Plaintiff brings this Complaint seeking in Count I a declaration, inter alia, that the foreclosure sale was void. In Count II Plaintiff alleges an action to quiet title seeking essentially the same relief as Count I. In Count III Plaintiff alleges GMAC negligently breached its duty of good faith and fair dealing regarding the foreclosure and sale. Defendants move to dismiss.

II.   STANDARD[1]

"A motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) is appropriate when the plaintiff lacks standing to bring the claim." Edelkind v. Fairmont Funding, Ltd., 539 F. Supp. 2d 449, 453 (D. Mass. 2007). "[S]tanding is a threshold issue, determining whether the court has power to hear the case, and whether the . . . plaintiff is entitled to have the court decide the merits of the case." Libertad v. Welch, 53 F.3d 428, 436 (1st Cir. 1995). To show standing, a plaintiff must show that she suffered an "injury in fact," a causal connection between the injury and complained of conduct, and that it is likely that the injury will be redressed by a favorable decision from the court. Lujan v. Defenders of Wildlife, 504 U.S. 555,

---

[1] Defendants seeks to dismiss all Counts pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. However, in their motion, Defendants cite Plaintiff's lack of standing as a basis to dismiss Counts I and II of the Complaint. Such a motion is properly based on Rule 12(b)(1).

3

560-61 (1992).

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, _ U.S _, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  The court "must take the allegations in the complaint as true and must make all reasonable inferences in favor of the plaintiffs." Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993). This "highly deferential" standard of review "does not mean, however, that a court must (or should) accept every allegation made by the complainant, no matter how conclusory or generalized." United States v. AVX Corp., 962 F.2d 108, 115 (1st Cir. 1992).  Dismissal for failure to state a claim is appropriate when the pleadings fail to set forth "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." Berner v. Delahanty, 129 F.3d 20, 25 (1st Cir. 1997) (quoting Gooley v. Mobil Oil Corp., 851 F.2d 513, 515 (1st Cir. 1988)).  The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Iqbal, 129 S. Ct. at 1949.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.  Id.  The Court's assessment of the pleadings is "context-specific," requiring "the reviewing court to draw on its judicial experience and common sense." Maldonado v. Fontanes, 568 F.3d 263, 268 (1st Cir. 2009) (quoting Iqbal, 129 S. Ct. at 1949). "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'shown' – 'that the pleader is entitled to relief.'"  Id. (quoting Iqbal, 129 S. Ct. at 1949) (alterations omitted).

III.  DISCUSSION

   1. Counts I and II Fail to State Claims for Relief

The parties dispute whether Counts I and II state claims. The dispute raises the following three issues.

First, Plaintiff contends that MERS' assignment of the Mortgage to GMAC was invalid because Mr. Harmon was not a duly authorized official of MERS capable of authorizing the assignment of the Mortgage to GMAC. Defendants argue Plaintiff lacks standing to challenge the assignment.

Settled law holds that a mortgagor such as Plaintiff lacks standing to contest the assignment of the Plaintiff's mortgage because the homeowner-mortgagor is neither a party to, nor an intended beneficiary of, the assignment contract. Oum v. Wells Fargo, No. 11-11663-RGS, 2012 WL 390271, at *4 (D. Mass. Feb. 8, 2012) (Stearns, J.) (citing cases); Wenzel v. Sand Canyon Corp., No. 11-30211-JCB, 2012 WL 219371, at *11 (Jan. 5, 2012) (Boal, M.J.) (citing cases). Insofar as Counts I and II challenge the assignment directly (e.g. in seeking a declaration that the assignment is invalid), the Plaintiff lacks standing and this portion of the Complaint is dismissed for lack of jurisdiction under Rule 12(b)(1).

However, "the question of whether the [Plaintiff has] standing to challenge the assignment is different from the question of whether [she has] standing to challenge the foreclosure on the basis that [the foreclosing bank] did not properly hold the mortgage at the time of the foreclosure." Wenzel, 2012 WL 219371, at *17 n.16. In considering cases presenting the latter question, a number of decisions of this Court have applied the no-standing principle to hold that plaintiffs similarly situated to the present Plaintiff lack standing to challenge the title resulting from a

foreclosure sale by way of contesting the validity of an underlying assignment prior to the foreclosure. Id.; Peterson v. GMAC Mortg., LLC, No. 11-11115-RWZ, 2011 WL 5075613, at *4 (D. Mass. Oct. 25, 2011) (Zobel, J.) ("I do not read [U.S. Bank Nat. Ass'n v. Ibanez, 458 Mass. 637 (2011)] to provide an independent basis for mortgagors to collaterally contest previously executed mortgage assignments to which they are not a party and that do not grant them any interests or rights"); Kiah v. Aurora Loan Servs., LLC, No. 10-40161-FDS, 2011 WL 841282, at *6 (D. Mass. Mar. 4, 2011) (Saylor, J.) (stating "it is difficult to see why plaintiff has standing to assert [challenge to mortgage assignment]); Correia v. Deutsche Bank Nat'l Trust Co., 452 B.R. 319, 324 (BAP 1st Cir. June 30, 2011) (affirming lower court's finding that non-party to mortgage assignment lacked standing to challenge the validity of the assignment). But see Rosa v. Mortg. Electronic Sys., Inc., 821 F. Supp. 2d 423, 429 n.5 (D. Mass. 2011) (Saris, J.) (adopting Report and Recommendation of Collings, M.J.) (Finding that, under Massachusetts law, "Plaintiffs [mortgagors] appear to have standing [to challenge the validity of the assignment of the mortgagee], because the allegations [regarding assignment validity], if proven, would render the foreclosure sale void, under Massachusetts law.").

The weight of authority in this district supports the conclusion that Plaintiff lacks standing to challenge the assignment even insofar as Counts I and II challenge the foreclosure, notwithstanding a mortgagor-homeowner's apparent interest in vindicating, in a claim to set aside the foreclosure, the property owner's rights terminated by the foreclosure. The weight and reasoning of these decisions are persuasive. While the mortgagor lacks standing to contest the validity of the assignment, that does not preclude the mortgagor from challenging the foreclosure on other grounds, for example that the foreclosure is unauthorized either because the foreclosing entity had not

6

obtained the mortgage at the requisite time prior to foreclosure or the mortgagor was not in default. Here, the Plaintiff does no more than contest the validity of the assignment, thus, she lacks standing.

After determining that a plaintiff lacked standing to bring claims such as those pending here, one judge of this Court nonetheless proceeded to the merits, as an alternative basis for her decision, Peterson, 2011 WL 5075613 at *4 (Zobel, J.), because "[w]hether Ibanez gives Massachusetts mortgagors a legally protected interest in assignments to which they are not party, is apparently an open question in the First Circuit." Id. at *3. For this reason, I follow suit. See also Kelly v. Deutsche Bank Nat'l Trust Co., 789 F. Supp. 2d 262, 265 n.5 (D. Mass. 2011) (considering the merits despite a lack of standing when good reason so counsels such as when the standing issue fails to resolve the entire case); Wenzel, 2012 WL 219371, at *17 n.16 (same).

Plaintiff's allegation that GMAC did not validly hold the mortgage at the time of the foreclosure because Mr. Harmon lacked authority to authorize the assignment for MERS fails to state a claim. The very argument Plaintiff makes was previously considered and rejected in this Court:

> The Massachusetts statute regarding mortgage assignments requires that the assignment be executed before a notary public, by a person purporting to hold a position such as vice president, secretary or assistant secretary of the entity that holds record title of the mortgage. Even if a signatory lacks authority, an assignment may still be binding under Massachusetts law if the signatory purported to be an officer of the entity holding title to the mortgage and the assignment was executed before a notary public. Some jurisdictions require mortgagees, such as MERS, to prove both its nominee relationship with the note holder and the note holder's authorization of the mortgage assignment in order for an assignment to be valid. However, "under Massachusetts law, an assignment of a mortgage is effective without the need to independently establish the authority of the assignor to make the assignment." Since Massachusetts law does not require a signatory to prove authority to execute a mortgage assignment, a mortgagee need not prove authorization from the note holder to assign a mortgage. A mortgage assignment is valid as long as it complies with the requirements of Mass. Gen. Laws. ch. 183, § 54B.

Rosa, 821 F. Supp. 2d at 430 (internal citations omitted) (emphasis in the original). In the present case, the Complaint does not allege a failure to comply with the requirements of Mass. Gen. Laws ch. 183, § 54B, but only that Mr. Harmon lacked authority to sign the assignment on behalf of MERS. This allegation fails to state a claim for relief.

Second, Plaintiff contends that the Mortgage permits only the Lender to invoke a statutory power of sale on the theory that the language of the second paragraph of numbered paragraph 22 authorizes the "Lender," but not successors or assigns, to invoke the statutory sale remedy. However, the Mortgage also provides "Borrower does hereby mortgage, grant and convey to MERS (solely as nominee for Lender and Lender's successors and assigns) and to the successors and assigns of MERS, with power of sale, the following described property . . ." Docket #1-5 at 4. Plainly, this language authorizes MERS and MERS' successors and assigns to execute the power of sale. The Complaint fails to state a claim for relief that, on this theory, GMAC lacked authority to conduct the foreclosure sale.

Third, Plaintiff contends that GMAC lacked authority to foreclose because it held only the Mortgage and not the Note. This argument is without merit as a matter of law and, therefore, fails to state a claim for relief. The power of sale belongs to the holder of the mortgage, not the holder of the note. See Ibanez, 458 Mass. at 647 (noting that statutory power of sale is conferred on "mortgagee"); id. at 652-53 (observing that mortgage and note need not be held by same entity). Indeed, under Massachusetts law, unlike some jurisdictions, the transfer of a note does not carry with it the transfer of the mortgage. Id. Rather, the mortgagee holds the legal title in trust for the

purchase of the debt. Id. "Possession of the note is not required for foreclosures in Massachusetts."[2] Rosa, 821 F. Supp. 2d at 432 (citing In re Marron, 455 B.R. 1, 7 (Bankr. D. Mass. 2011) ("Massachusetts law does not require a unity of ownership of a mortgage and its underlying note prior to foreclosure.")); see Doust v. Wells Fargo Bank, N.A., No. 10-1882, 2011 U.S. App. LEXIS 23796, at *2-3 (1st Cir. Oct. 31, 2011) ("[I]n Massachusetts a foreclosing entity must be the current record mortgagee and holder of the mortgage; it need not be the note holder.") (quoting Archambault v. Aurora Loan Servs., No. 11-CV-10373-RGS, 2011 WL 4062379, at *1 (D. Mass. Sept. 13, 2011) (Stearns, J.)); Wenzel, 2012 WL 219371, at *15 ("In Massachusetts, the foreclosing entity must hold the mortgage only, not both the mortgage and the note.").

For the foregoing reasons, Counts I and II fail to state claims for relief.

2. Count III Fails to State a Claim for Relief

In Count III, Plaintiff claims that GMAC breached the duties of good faith and fair dealing

---

[2] In support of her argument, Plaintiff cites to Culhane v. Aurora Loan Servs., 826 F. Supp. 2d 352 (D. Mass. Nov. 28, 2011) (Young, J.). In Culhane, Judge Young, relying on Eaton v. Federal National Mortgage Association, No. 11-11382, slip op., 2011 WL 6379284 29 (Mass. Super. Ct. June 17, 2011) (McIntyre, J.) (appeal pending), held that "only a mortgagee who also holds the note or is servicing the loan on behalf of the note holder may foreclose." Culhane, 826 F. Supp. 2d at 364; see Eaton, 2011 WL 6379284, at *2 ("Massachusetts courts have historically held that one must hold both the mortgage and the mortgage note before initiating a foreclosure."). Nonetheless, I respectfully disagree in light of the First Circuit's statement to the contrary in Doust, the language of Ibanez, and the fact that the statement on this issue in Culhane is dicta as one entity held both the mortgage and the note in that case. See also In re Marron, 462 B.R.364, 373-74, 374 n.8 (Bankr. D. Mass. 2012) (collecting cases and determining that, contrary to Eaton, "under Massachusetts law an entity need hold only the mortgage and not necessarily the note in order to commence foreclosure proceedings."); Wells Fargo Bank, N.A. v. McKenna, No. 11 MISC 447455, 2011 WL 6153419, at *2 n.1 (Mass. Land Ct. Dec. 8, 2011) (stating that "common law does not require, for an effective exercise of a mortgage's power of sale, that the note for which the mortgage is security be at that time held by the mortgage holder" and noting that, if the principle applied by the trial court in Eaton is adopted by the Massachusetts Supreme Judicial Court, every mortgage foreclosure and every title following every foreclosure will be cast in doubt).

9

arising out of the foreclosure proceedings by proceeding with a foreclosure premised upon an invalid assignment of the Mortgage from MERS to GMAC. This claim fails for two reasons. Plaintiff has failed to plead sufficiently an invalid assignment or other defect in GMAC's foreclosure proceedings. In addition, the "basic rule of law applicable to the foreclosure of real estate mortgages is that 'a mortgagee in exercising a power of sale in a mortgage must act in good faith and must use reasonable diligence to protect the interests of the mortgagor.'" Seppala & Aho Const. Co., Inc. v. Petersen, 373 Mass. 316, 320 (1977) (internal quotation omitted). "Typically, this entails 'mak[ing] reasonable efforts to sell the property for the highest value possible.'" McBride v. Am. Home Mortg. Servicing Inc., No. 11-10998-RWZ, 2012 WL 931247, at *2 (D. Mass. Mar. 19, 2012) (quoting Edry v. Rhode Island Hosp. Trust Bank, 201 B.R. 604, 607 (Bankr. D. Mass. 1996)). Plaintiff makes no allegations in the Complaint contending GMAC breached that duty. Accordingly, Count III fails to state a claim for relief.

CONCLUSION

For the foregoing reasons, the Motion to Dismiss (Docket #5) is ALLOWED and judgment shall enter in favor of Defendants.

      /s / Leo T. Sorokin
UNITED STATES MAGISTRATE JUDGE